UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

NOT FOR PUBLICATION

MODESTA M. MEZA-ROLE, et al.

    Plaintiffs,

v.

RICHARD PARTYKA

    Defendant.

Civil Action No. 11-2307 (ES)

OPINION

SALAS, DISTRICT JUDGE

*Pro se* Plaintiffs, Modesta M. Meza-Role and Eloy A. Role ("Plaintiffs"), filed their initial complaint for housing discrimination before the Honorable Judge Jose L. Linares on April 21, 2011, against Defendant, Richard Partyka. On May 2, 2011, Judge Linares dismissed Plaintiffs' original complaint, without prejudice, for failure to conform to Rule 8(a) of the Federal Rules of Civil Procedure. (Docket Entry Number, "D.E." 10). Plaintiffs were granted leave to file an amended complaint that cured the pleading deficiencies addressed by the Court in its May 2, 2011 Order. On June 2, 2011, Plaintiffs filed a First Amended Complaint. ("1AC"). Judge Linares again found, *sua sponte*, that Plaintiffs' amended complaint failed to conform to Rule 8(a) of the Federal Rules of Civil Procedure. (D.E. 21). Judge Linares held:

> The Court has now reviewed, *sua sponte*, two of Plaintiffs' complaints. The Court has provided Plaintiffs with detailed instructions on why each of Plaintiffs' claims fail to meet the pleading requirements of Federal Rule of Civil Procedure 8(a) and has afforded Plaintiffs with an opportunity in which to cure the deficiencies in their claims. Nevertheless, for the reasons set forth above, Plaintiffs' claims remain deficient. Although the Court could dismiss Plaintiffs' claims with prejudice, in light of Plaintiffs' *pro se* status, the Court will afford

> Plaintiffs with *one final opportunity* in which to cure the pleading deficiencies in their claims.

(D.E. 21 at 4) (emphasis in original).  On July 5, 2011, Plaintiffs filed their Second Amended Complaint ("2AC").  The Court hereby dismisses *sua sponte*—with prejudice—all previously pled claims for failing to cure the complaint despite Judge Linares' "detailed instructions."  The Court dismisses Plaintiffs' newly pled claims pursuant to the discussion below.

**I. Pleadings Requirements and *Sua Sponte* Dismissal**

Rule 8(a) mandates that Plaintiffs' complaint set forth (1) a short and plain statement of the grounds upon which the Court's jurisdiction depends; and (2) a short and plain statement of the claim showing that Plaintiffs are entitled to relief.  Fed. R. Civ. P. 8(a).  "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claims rests."  *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) (citation omitted).

Complaints filed *pro se* are "to be liberally construed."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).  The Court is obligated to use "less stringent standards than formal pleadings drafted by lawyers."  *Id*.  However, the relaxed standard does not relieve a *pro se* litigant the duty to give fair notice.  "[A] situation may arise where . . . the factual detail in a complaint is so undeveloped that it does not provide a defendant the type of notice of claim which is contemplated by Rule 8."  *Phillips*, 515 F.3d at 233 (citation omitted).

"Before dismissing a *pro se* complaint, district courts should expressly state, where appropriate, that the plaintiff has leave to amend . . . .  One appropriate circumstance is where the complaint suffers from a lack of factual specificity."  *Francis v. State of N.J. Office of Law Guardian*, 289 F. App'x 472, 473 (3d Cir. 2008) (quoting *Shane v. Fauver*, 213 F.3d 113, 116 (3d Cir. 2000) (internal quotation marks omitted)).  A district court is not required to grant leave

2

to amend a complaint if it becomes clear that the plaintiff cannot, or will not, properly cure the complaint.  *See Hoffenberg v. Bumb*, 446 F. App'x 394, 399 (3d Cir. 2011) (upholding denial of further leave to amend for defendant's "inexplicable failure to plead in conformity with the rules, despite four chances to amend . . . ."); *Rhett v. N.J. State Superior Court*, 260 F. App'x 513, 516 (3d Cir. 2008) (per curium) (affirming the district court's dismissal *sua sponte* with prejudice of a second amended complaint because further amending would be "futile").

Judge Linares dismissed Plaintiffs' first two complaints *sua sponte* for failure to conform to Rule 8(a) of the Federal Rules of Civil Procedure.  Each dismissal was without prejudice to grant Plaintiffs the opportunity to remedy deficiencies.  Plaintiffs were "directed to clearly state the legal basis of each claim asserted as well as the specific facts upon which each claim is based."  (D.E. 21 at 5).  The Court therefore dismisses *sua sponte*, with prejudice, all of the claims in the 2AC that Plaintiff has failed to cure, because in two prior opinions, Judge Linares "repeatedly and patiently explained" how to fix them.  *Hoffenberg*, 446 F. App'x at 399.

## II.  Sufficiency of the Second Amended Complaint

Plaintiffs first assert a claim of housing discrimination under section 3604(d) of the Fair Housing Act, 42 U.S.C. §§ 3601, *et seq.*  (2AC ¶¶ 49-52).[1]  In order to state a *prima facie* claim of housing discrimination under § 3604(d), Plaintiffs must allege that: "(1) the defendants made a representation that a dwelling is unavailable; (2) the dwelling is, in fact, available."  *United States v. Branella*, 972 F. Supp. 294, 302-03 (D.N.J. 1997) (citations omitted).  Thus, Plaintiffs must allege that Defendant made a misrepresentation concerning the availability of one of its rental units.  *See id.*  In his June 8, 2011 dismissal of the claim, Judge Linares found:

> Plaintiffs have failed to allege specific facts concerning when and how Defendant represented to Plaintiffs that unit 2A was unavailable, or which would otherwise allow the Court to draw the reasonable inference that unit 2A was, in fact,

---

[1] The Court has jurisdiction over this claim under 28 U.S.C. § 1331.

>available for rent at the point in time when Defendant allegedly made such representation (regarding its unavailability) to Plaintiffs. Plaintiffs have apparently based their claim (concerning Defendant's alleged misrepresentation) on a mere conclusion which currently contains no factual support. Rule 8(a) requires more. *See, e.g.*, *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("A pleading that offers 'labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"). Plaintiffs' section 3604(d) claim is therefore dismissed for failure to comply with Rule 8(a).

(D.E. 21 at 2).

Plaintiffs failed to properly amend the complaint as required by Judge Linares. In the 2AC, in support of this claim, Plaintiffs allege only that (1) Defendant told Plaintiffs "[d]uring the Plaintiffs [sic] tenancy" that 2A would become unavailable and that (2) "Defendant kept the unit designated 2A of his four family house empty for almost two years empty [sic], [and it] appears to be that Defendant has rented that unit on or about February 2011 . . . ." (2AC ¶¶ 14, 16).[2] Plaintiffs' bare allegations fail to cure the deficiencies that Judge Linares set forth in his June 8, 2011 Opinion. As in their previously dismissed amended complaint, "Plaintiffs have failed to allege specific facts concerning when and how Defendant represented to Plaintiffs that unit 2A was unavailable, or which would otherwise allow the Court to draw the reasonable inference that unit 2A was, in fact, available for rent at the point in time when Defendant allegedly made such representation (regarding its unavailability) to Plaintiffs." (D.E. 21 at 2). Here, Plaintiffs' 2AC fails to set forth facts that would allow the Court to pinpoint the time or

---

[2] Notably, in his June 8, 2011 Opinion, Judge Linares dismissed this claim in the Amended Complaint based on Plaintiffs' allegation of the same two facts:

>In support of this claim, Plaintiffs appear to allege that (1) Defendant kept unit 2A of his four family house empty for two years, and (2) that said unit was rented on or around February 2011; therefore, Plaintiffs conclude that Defendant *must have* misrepresented the availability of unit 2A to Plaintiffs and *could have* rented said unit to Plaintiffs' daughter during the period of time in which it was left empty. (Am. Compl., ¶ 12).

(D.E. 21 at 2).

4

manner in which Defendant purportedly misrepresented the availability of unit 2A, and therefore the claim fails.

Next, Plaintiffs assert a claim of disparate treatment under § 3604(b) of the Fair Housing Act, 42 U.S.C. §§ 3601, *et seq.*[3] (2AC ¶¶53-55). Section 3604(b) makes it illegal to "discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin." 42 U.S.C. § 3604(b).[4] "The ultimate question in a disparate treatment case is whether the defendant intentionally discriminated against plaintiff." *Honce v. Vigil*, 1 F.3d 1085, 1088-89 (10th Cir. 1993) ("The fact that Mr. Vigil believed that there was a conspiracy against him is not actionable unless he refused to rent to women or to provide women with the same rental services as men. Such was not the case. The Plaintiff has failed to prove a *prima facie* case of disparate treatment."). In his June 8, 2011 dismissal of this claim, Judge Linares reasoned:

> Plaintiffs appear to base this claim on their eviction from Defendant's property. Plaintiffs allege: (1) "Defendant's discrimination was intentional," (2) "Defendant's razons [sic] for Plaintiffs' eviction was a pretext," and (3) "Defendant's eviction was differential. Tenants at Units 2A and 2B could have been served with the same notice of eviction." (Am. Compl., ¶¶ 15, 16, 17). A complaint must do more than allege a "mere possibility of misconduct." *See Iqbal*, 129 S. Ct. at 1950. Plaintiffs' Amended Complaint contains no facts which would allow the Court to draw the reasonable inference that Defendant intentionally discriminated against Plaintiffs by virtue of the eviction. Plaintiffs' conclusory allegations regarding Defendant's intentional discrimination, coupled with the bare assertion that other tenants were treated differently (*i.e.*, not evicted), together, fail to nudge their claim of disparate treatment under section 3604(b) "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 547; *Iqbal*, 129 S. Ct. at 1949 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Plaintiffs' claim of disparate

---

[3] Plaintiff's Second Claim also alleges that Defendants violated "LAD." (2AC ¶ 54).

[4] The Court has jurisdiction over this claim under 28 U.S.C. § 1331.

>   treatment under section 3604(b) is therefore dismissed for failure to comply with Rule 8(a).

(D.E. 21 at 3).

In their 2AC, Plaintiffs fail to cure the deficiencies set forth by Judge Linares with regard to this claim. (*Compare* 1AC ¶ 15 ("Defendant's discrimination was intentional."), *and* ¶ 16 ("Defendant's razons [sic] for Plaintiffs' eviction was a pretext. Access to the Unit 1A that is occupied by Defendant's mother in law is direct through a stair from the Unit 2A. Access from Plaintiffs' IB [sic] to the Unit 1A requires [sic] to exit the Unit 1A. Defendant used his mother in law as a decoy to camouflage Plaintiffs' discrimination."), *and* ¶ 17 ("Defendant's eviction was differential. Tenants at Units 2[A] and 2B could have been served with the same notice of eviction with the addition that Unit 2A above Unit 1A was recently rented."), *with* 2AC ¶ 23 ("Defendant's failure to articulate legitimate business reasons made his conduct intentional discrimination."), *and* ¶ 25 ("Defendant's reasons for Plaintiffs' eviction was [sic] a pretext. Access to the Unit 1A that is occupied by Defendant's mother in law is direct through [sic] a stair from the Unit 2A. Access from Plaintiffs' IB [sic] to the Unit IA [sic] requires [sic] to exit the Unit IA [sic]. Defendant used his mother in law as a stool pigeon to camouflage Plaintiffs' discrimination."), *and* ¶ 26 ("Defendant's eviction was differential. Tenants at Units 2[A] and 2B could have been served with the same notice of eviction with the addition that Unit 2A above Unit 1A was recently rented which were situated similarly to Plaintiffs in the four family house.")). Even where the content and language of their 2AC vary slightly from their 1AC, Plaintiffs still fail to "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.

In their 2AC, Plaintiffs add allegations that further undercut their claim for intentional discrimination by virtue of the eviction. (*See* 2AC ¶ 18 ("Defendant's allegation that Unit 1B

would enable his future married daughter to render care to Defendant's mother in law when his daughter occupied Unit IB [sic] is a camouflage of negative treatment. Defendant's conduct is *not discriminatory in intent*, but negatively impacts Plaintiffs, it had a discriminatory effect.") (emphasis added)). Additionally, Plaintiffs' other purported clarifications fail to provide factual support for their claim of discrimination. (*See id.* ¶¶ 19-20 ("Defendant's effect and motivations were the touchstone, in part because a clever man may easily conceal his motivations but more importantly because it is now firmly recognized that the arbitrary quality of thoughtlessness can be as disastrous and unfair to private rights and the pubic [sic] interest as perversity of a willful scheme. Plaintiffs are situated in the same position as tenants at Units 2A and 2B, nevertheless Defendant noticed for eviction Plaintiffs.")). Accordingly, "Plaintiffs' conclusory allegations regarding Defendant's intentional discrimination, coupled with the bare assertion that other tenants were treated differently (*i.e.*, not evicted), together, fail to nudge their claim of disparate treatment under section 3604(b) 'across the line from conceivable to plausible.'" (D.E. 21 at 3 (quoting *Twombly*, 550 U.S. at 547 and *Iqbal*, 129 S. Ct. at 1940 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."))). Plaintiffs' claim of disparate treatment under § 3604(b) is therefore dismissed for failure to comply with Rule 8(a).

Plaintiffs next allege "[i]nterference, coercion and intimidation" in violation of § 3617[5] of the Fair Housing Act, 42 U.S.C. §§ 3601, *et seq*. (2AC ¶¶ 56-58). Section 3617 makes it unlawful to "coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or

---

[5] The Court has jurisdiction over this claim under 28 U.S.C. § 1331.

protected by section 3603, 3604, 3605, or 3606 of this title." 42 U.S.C. § 3617.  Judge Linares dismissed this claim, explaining:

> The basis on which Plaintiffs wish to assert this claim is entirely unclear from the face of the Amended Complaint.  The Rule 8 pleading standard requires that a plaintiff plead sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1937. Plaintiffs have failed to meet this requirement. Moreover, without "a short and plain statement of the claim showing that the pleader is entitled to relief," Plaintiffs have failed to provide Defendant with proper notice of the legal and/or factual basis of this claim.

(D.E. 21 at 3).

Once again, Plaintiffs fail to alter their Complaint sufficiently to survive dismissal.  Their 2AC does not add factual assertions or legal bases that would allow the Court to determine the grounds on which this claim is based.  Judge Linares explained that "Plaintiffs' cross-reference to facts alleged generally throughout the body of the complaint will not suffice since neither the Court nor the Defendant should be required to sift through a tome of allegations to piece together Plaintiff's claims."  (D.E. 21 at 5).  Without factual support, Plaintiffs still do not provide the "short and plain statement" required under Rule 8(a) sufficient to give notice.  Plaintiffs' claim of interference, coercion, and intimidation under § 3617 is therefore dismissed for failure to comply with Rule 8(a).

Plaintiffs' fourth claim is for "retaliation" under § 3604(a) of the Fair Housing Act, 42 U.S.C. §§ 3601, *et seq*.  (2AC ¶¶ 59-61).  In order to properly plead a claim under § 3604(a), Plaintiffs must allege sufficient factual matter to indicate that the Defendant (1) "denied or made housing unavailable to them" and (2) that the "actions were based on [plaintiffs'] race."  *Koorn v. Lacey Twp.*, 78 F. App'x 199, 206 (3d Cir. 2003).  In his June 8, 2011 dismissal, Judge Linares held:

> Plaintiffs appear to base this claim on their eviction from Defendant's building. However, the Amended Complaint fails to contain any facts that would allow the Court to draw the reasonable inference that Defendant's actions (in seeking to evict Plaintiffs) were based upon Plaintiffs' race, color, religion, familial status or national origin. Without such facts, Plaintiffs' section 3604(a) claim lacks facial plausibility and therefore fails to meet the pleading requirements of Rule 8(a). *See generally Iqbal*, 129 S. Ct. at 1937.

(D.E. 21 at 4).

As the basis for this claim, Plaintiffs merely repeat the assertion from the dismissed 1AC that Defendant "engaged in racially discriminatory housing practices." (2AC ¶¶ 15; 1AC ¶¶ 11). Plaintiffs do not introduce any new factual support "that would allow the Court to draw the reasonable inference," (D.E. 21 at 4), that Plaintiff suffered discrimination based on race. This "blanket assertion of entitlement to relief . . . [fails to] provide not only fair notice, but also the grounds on which the claim rests." *Phillips*, 515 F.3d at 233 (citing *Twombly*, 550 U.S. at 555) (internal quotation marks omitted). By failing to include a factual basis for the claim, Plaintiffs do not cure the deficiencies noted by Judge Linares. The claim continues to lack facial plausibility, and is therefore dismissed for failure to comply with Rule 8(a).

Plaintiffs' 2AC restates a claim for violation of the New Jersey Law Against Discrimination ("NJLAD"), N.J.S.A. 10:5-1, *et seq*. (2AC ¶¶ 62-63). Judge Linares dismissed this claim, explaining:

> As a preliminary matter, the Amended Complaint makes no reference to any specific section of the NJLAD. Such claim, therefore, fails to comply with Rule 8(a) inasmuch as it fails to provide Defendant with proper notice of the legal and/or factual basis of this particular claim and is hereby dismissed. Even if such claim had been properly pled, the Court would, in any event, decline to exercise jurisdiction over this state law claim, having now dismissed all claims over which this Court had original jurisdiction. *See generally* 28 U.S.C. § 1367(c)(3).

(D.E. 21 at 4).

Regardless of the substance of the NJLAD claim, this Court has dismissed all matters over which it has original jurisdiction, so as a threshold matter the Court declines to exercise jurisdiction over the state law claim.  *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction . . . ."); *Elkadrawy v. Vanguard Grp., Inc.*, 584 F.3d 169, 174 (3d Cir. 2009) ("[O]nce the District Court dismissed [plaintiff]'s federal claims, leaving only the state claim, the prerequisites for § 1367(c)(3) were met.").

Moreover, Plaintiffs' claim fails to cure the deficiencies set forth by Judge Linares.  The 2AC does not specify any provision of the NJLAD under which relief is sought.  Instead, Plaintiffs intersperse references to unrelated New Jersey statutes throughout the Complaint.  (*See e.g.*, 2AC ¶ 30 ("Defendant's notice of eviction is illegal and frivolous on the grounds of R. 4:30A of the New Jersey Rules of Civil Procedure.")).

### III. New Claims in the Second Amended Complaint

Plaintiffs' 2AC introduces two new claims.  (2AC ¶¶ 65-68).  First, Plaintiffs allege that Defendant "coerced, intimidated, threatened, and/or otherwise interfered with Plaintiffs because they were trying to enjoy the covenant of habitability and quiet environment."  (*Id*. ¶ 66).  Plaintiffs do not reference any legal basis for the claim, nor do they indicate what factual matter provides support.  Despite all requisite effort to construe the pleading "as to do justice," Fed. R. Civ. P. 8(e), the Court finds that the Plaintiff fails to provide the Defendant with proper notice of the claim.  This claim is therefore dismissed for failure to comply with the requirement under Rule 8 that a pleading set forth "a short and plain statement of the grounds for the court's jurisdiction," and "a short plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).

Finally, Plaintiffs allege that Defendant "acted willfully and wantonly with intentional, reckless, and/or callous disregard of Plaintiffs' civil rights." (2AC ¶ 67). In order to state a claim for civil rights violations, a plaintiff must allege "a person acting under color of state law" deprived plaintiff of "rights, privileges, or immunities secured by the Constitution or laws of the United States." *Baker v. Vaughn*, 425 F. App'x 83, 84 (3d Cir. 2011) (quoting *Kost v. Kozakiewicz*, 1 F.3d 176, 184 (3d Cir. 1993) (internal quotation marks omitted). A private party is acting under color of state law if "there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009). The nexus is sufficiently close when: (1) "the private entity has exercised powers that are traditionally the exclusive prerogative of the state;" (2) "the private party has acted with the help of or in concert with state officials;" or (3) "the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity." *Id.* (citing *Mark v. Borough of Hatboro*, 51 F.3d 1137, 1142 (3d Cir. 1995)). "[M]erely private conduct, no matter how discriminatory or wrongful," cannot sustain a cause of action for civil rights violations. *Am. Mfr. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (internal quotation marks and citations omitted).

Even when the Court construes the 2AC liberally in light of Plaintiffs' *pro se* status, the Court is unable to discern any factual matter upon which Plaintiffs allege Defendant to be acting under color of state law. *See Erickson*, 551 U.S. at 94. Plaintiffs indicate that Defendant is carrying out duties of a private landlord. (2AC ¶¶ 8-9). Plaintiffs make no intimation that the state played any role in the matter, nor do they allege that the Defendant carried out a state activity. Plaintiffs cannot adequately plead a civil rights violation unless they include "enough

factual matter (taken as true) to suggest" that Defendant was acting under color of state law. *Phillips*, 515 F.3d at 234 (internal quotation marks and citation omitted). Accordingly, this claim is dismissed.

## IV. Conclusion

The Court has given Plaintiffs two opportunities to submit a complaint in compliance with the pleadings requirements of Rule 8(a). Judge Linares provided clear guidance as to deficiencies in each of the previous claims, and directed Plaintiffs to "clearly state the legal basis of each claim asserted as well as the specific facts upon which each claim is based." (D.E. 21 at 5). Judge Linares was unequivocal that failure to cure deficiencies would result in "dismissal *with* prejudice." *Id.* (emphasis in original). As explained above, Plaintiffs' 2AC does not comply with Judge Linares' instructions, and also fails to conform to Rule 8. The Court DISMISSES all claims under the Federal Housing Act 42 U.S.C. §§ 3601, *et seq.* **with** prejudice.

The Court recognizes that the 2AC introduces two new claims, so Plaintiffs have not yet had an opportunity to amend those claims in compliance with Rule 8. Therefore, in light of Plaintiffs' *pro se* status, the Court dismisses the two new claims **without** prejudice. Plaintiffs have 14 days in which to file a Third Amended Complaint that cures the new claims—and only the new claims—pled for the first time in the 2AC. Because the Court has provided the *pro se* Plaintiffs with a fourth opportunity to file a complaint in this matter, Plaintiffs **may not add any new claims** to a Third Amended Complaint. Should Plaintiffs choose to amend, they are directed to clearly state the legal basis for each claim. They must also clearly state which specific facts support each specific claim. As explained by Judge Linares in his June 8, 2011 dismissal: "cross reference to facts alleged generally throughout the body of the complaint will not suffice." (D.E. 21 at 5). This will be Plaintiffs' final opportunity to cure their Complaint to

comply with Rule 8.  Failure to follow the directives herein will result in dismissal of the Third Amended Complaint with prejudice.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**
