NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| **MODESTA M. MEZA-ROLE, et al.** | : | |
| | : | |
| | : | **Civil Action No.: 11-2307 (ES)** |
| **Plaintiffs,** | : | |
| | : | **OPINION** |
| v. | : | |
| | : | |
| **RICHARD PARTYKA** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

**SALAS, DISTRICT JUDGE**

## I.      Introduction

Pending before this Court is Modesta M. Meza-Role and Eloy A. Role's ("Plaintiffs")

motion seeking recusal of the undersigned pursuant to 28 U.S.C. §§ 144 and 455.  The Court has

considered the Plaintiffs' submissions in support of the motion, and decides the matter without

oral argument pursuant to Fed. R. Civ. P. 78(b).  For the reasons set forth below, the Court

denies Plaintiffs' motion.

## II.     Background

*Pro se* Plaintiffs, Modesta M. Meza-Role and Eloy A. Role, filed their initial complaint

for housing discrimination against Defendant, Richard Partyka before the Honorable Judge Jose

L. Linares on April 21, 2011.  (Docket Entry Number, "D.E." 1).  On May 2, 2011, Judge

Linares dismissed Plaintiffs' original complaint, without prejudice, for failure to conform to Rule

8(a) of the Federal Rules of Civil Procedure.  (D.E. 10).  Plaintiffs were granted leave to file an

amended complaint that cured the pleading deficiencies addressed by the Court in its May 2,

2011 Order.  On June 2, 2011, Plaintiffs filed an amended complaint.  Judge Linares again

1

found, *sua sponte*, that Plaintiffs' amended complaint failed to conform to Rule 8(a) of the Federal Rules of Civil Procedure.  (D.E. 21 at 1).  Plaintiffs were granted a final opportunity to amend.  (*Id.* at 5).  On June 22, 2011, Plaintiffs filed a motion for recusal of Judge Linares pursuant to 28 U.S.C. § 455.  (D.E. 25).  Denying the motion, Judge Linares explained that Plaintiffs viewed the previous dismissals as evidence of partiality because they "helped" the Defendant.  (D.E. 26 at 3).  The motion failed to suggest either "personal bias or prejudice towards the Plaintiffs," or that the "Court's impartiality might reasonably be questioned."  (*Id.*).

On July 5, 2011, Plaintiffs filed their Second Amended Complaint ("2AC").  (D.E. 32). The matter was reassigned to this Court on July 13, 2011.  (D.E. 33).  On April 24, 2012, Plaintiffs filed a letter request to Chief Judge Simandle asking that he force this Court to recuse itself.  (D.E. 55).  Judge Simandle issued an Order on May 1, 2012 denying the request and explaining the appropriate mechanisms to move for recusal.  (D.E. 58).  On June 25, 2012, this Court issued an Order ("June 25 Order") dismissing all claims in the 2AC, granting leave to amend civil rights claims not previously raised.  (D.E. 64).

On June 27, 2012, Plaintiffs filed the instant motion, seeking to disqualify the undersigned for "personal bias and prejudice" against them.  (D.E. 67 at 1).  In support of the motion, Plaintiffs filed an affidavit wherein they describe the circumstances for which disqualification is sought.  (D.E. 67-1).  Plaintiffs argue that this Court used the Federal Rules of Civil Procedure as a "pretext" to "justify [] bias and prejudice . . . ."  (*Id.* ¶ 3).  They explain that the June 25 Order was "untimely" because a "motion for default was pending due to defendant [sic] failure to answer or otherwise defend Plaintiffs' Complaint."  (*Id.* ¶ 4).  Plaintiffs also describe the June 25 Order as "vitiated in fact and in law," and an "awkward and grotesque denaturalization of the case at hand."  (*Id.* ¶ 5).  Succeeding paragraphs allege generally that (1)

the Court has the express purpose of causing harm to the Plaintiffs' case and to their physical and

emotional welfare; (2) the Court's primary objective is to shelter the Defendant from filing an

answer to the Complaint; (3) the June 25 Order is devoid of legal support and deprives Plaintiffs

of an array of Constitutional protections; and (4) the Court was intentionally abusive and

indifferent.  (*Id.* ¶¶ 6, 8, 10, 11, 14, 15, 18, 21, 22).

## III.    Legal Standards

28 U.S.C. § 144 permits a party to file a "timely and sufficient" affidavit offering that the

presiding judge harbors "personal bias or prejudice."[1]  An affidavit is "timely" only if it is filed

"before the Court has reached the merits of an issue."  *Jackson Hewitt, Inc. v. Nat'l Tax Network,*

*LLC.*, No. 10-5108, 2012 U.S. Dis. LEXIS 59162, at *6 (D.N.J. Apr. 27, 2012) (citing *Jones v.*

*Pittsburgh Nat'l Corp.*, 899 F.2d 1350, 1356 (3d Cir. 1990)).  The time bar is necessary to ensure

that a party cannot assert bias solely to avoid an adverse ruling.  *Jones*, 899 F.2d at 1356

(holding that a § 144 motion, filed after the court dismisses the complaint, amounts to "play[ing]

fast and loose with the judicial process by betting on the outcome") (citation omitted).  An

affidavit is "sufficient" if factual allegations are "definite enough to convince a reasonable

person that a disqualifying bias exists . . . ."  *United States v. Rashid*, No. 09-493, 2010 U.S.

Dist. LEXIS 130937, at *9 (E.D. Pa. July 26, 2010).  "[F]actual allegations must be accepted as

---

[1] The statute provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.  The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term [session] at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time.  A party may file only one such affidavit in any case.  It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144.

true . . . .  Conclusory statements and opinions, however, need not be credited." *United States v. Vespe*, 868 F.2d 1328, 1340 (3d Cir. 1989).

28 U.S.C. § 455(a) provides that a judge "shall disqualify himself in any proceeding where his impartiality might reasonably be questioned." [2]  The inquiry to substantiate recusal under § 455(a) is "whether a reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned." *In re Kensington Int'l Ltd.*, 353 F.3d 211, 220 (3d Cir. 2003) (citation omitted).  Section 455(b)(1)[3] requires recusal where the judge "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding."[4]  As with motions filed under § 144, conclusory statements in support of § 455 motions do not suffice.  *Hill v. Carpenter*, 323 F. App'x 167, 170 (3d Cir. 2009) (upholding district court's refusal to recuse itself under § 455 where "conclusory allegations" in the motion "failed to provide evidence to support this accusation," and "were simply opinions").

Under both statutes, the disqualifying bias must be grounded in an extrajudicial source. *Jackson Hewitt, Inc.*, 2012 U.S. Dis. LEXIS 59162, at *9 (citing *Johnson v. Trueblood*, 629 F.2d 287, 290-91 (3d Cir. 1980)).  Extrajudicial bias is "a bias that is not derived from the evidence or

---

[2] The statute, in relevant part, provides:

> Any justice, judge, or magistrate [magistrate judge] of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

28 U.S.C. § 455(a).

[3] The statute also requires that a judge recuse him or herself in the following circumstances:

> Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding . . . ."

28 U.S.C. § 455 (b)(1).

[4] Plaintiffs do not specify upon which subsection of 28 U.S.C. § 455 they seek recusal.  The language of "personal bias and prejudice" in the affidavit leads the Court to conclude the use of § 455(b)(1). (D.E. 67-1 ¶ 2).  However, the Court will also analyze the claim under § 455(a), the "catchall recusal provision," for purposes of providing every benefit to the *pro se* plaintiff.  *See Liteky v. United States*, 510 U.S. 540, 548 (1994).

conduct of the parties that the judge observes in the course of the proceedings." *Johnson*, 629 F.2d at 291.  A decision rendered by the Court in the course of the proceeding cannot support a bias motion unless accompanied by factual allegations of extrajudicial bias.  *See Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitutive a valid basis for a bias or partiality motion . . . . In and of themselves, they cannot possibly show reliance upon an extrajudicial source . . . .").

"The decision of whether to recuse from hearing a matter lies within the sound discretion of the trial judge . . . ." *United States v. Wilensky*, 757 F.2d 594, 599-600 (3d Cir. 1985) (citation omitted).  To that end, the judge against whom recusal is sought is entitled to rule on a motion under § 455.  *See, e.g.*, *Carter v. New Jersey*, No. 11-439, 2011 U.S. Dist. LEXIS 134632, at *31 n.7 (D.N.J. Nov. 22, 2011).  With regard to a motion filed under § 144, an alternative judge is to rule on the recusal motion only if the affidavit meets the standards of timeliness and sufficiency.  *Jackson Hewitt, Inc.*, 2012 U.S. Dis. LEXIS 59162, at *7 n.3, *10.  "[I]t is first the responsibility of the district judge against whom an affidavit is filed to assess the legal sufficiency of the affidavit, and the mere filing of an affidavit under this section does not automatically disqualify a judge."  *United States v. Cox*, No. 11-99, 2012 U.S. LEXIS 78731, at *12 (D.N.J. June 4, 1012) (quoting *United States v. Townsend*, 478 F.2d 1072, 1073 (3d Cir. 1973) (quotation marks omitted)).

IV.     **Discussion**

   A.     **28 U.S.C. 144**

The Court denies Plaintiffs' motion for disqualification under § 144 because the affidavit is not timely and its factual assertions are insufficient to raise the possibility that bias exists.  Plaintiffs filed their motion for disqualification on June 27, 2012, two days *after* the Court

released its Order dismissing Plaintiffs' 2AC.  Because the Court had already reached the merits, the window for Plaintiffs to file a timely motion had closed.  It is also noteworthy that this Court assumed the matter from Judge Linares on July 13, 2011.  (D.E. 33).  Plaintiffs had more than 11 months in which to file their motion.[5]  Instead, they did not feel that this Court held a bias against them until after the Court issued an adverse ruling.  Accordingly, the Court finds that the affidavit in support of the motion to disqualify under § 144 fails for timeliness.

Additionally, the affidavit is insufficient because it clearly states that Plaintiffs filed the instant motion because of their dissatisfaction with the June 25 Order, not for any extrajudicial bias.  The affidavit explicitly references the June 25 Order in 14 of its 22 paragraphs.  (D.E. 67-1 ¶¶ 3, 4, 5, 6, 8, 9, 10, 11, 12, 13, 15, 16, 21, 22).  The motion also fails because the allegations are all either conclusory or merely indicate a difference of opinion, and are therefore not entitled to the presumption of truth.  (*See e.g.*, *id.* ¶ 6 ("The Order dated June 25, 2012 was a disrespect that was precisely masterminded and directed to plaintiffs with a clear goal to sink Plaintiffs' case and to cause an intentional infliction of emotional distress, anguish, humiliation and physical and psychological injuries on the Plaintiffs . . . ."), *and* ¶ 16 ("The Order issued by Judge Salas on June 25, 2012 is proof and evidence that Judge Salas overstepped his [sic] own limits to strolling a territory that was far beyond the abuse of discretion.")).  The allegations that do not expressly cite the June 25 Order are similarly devoid of factual support.  (*See, e.g.*, *id.* ¶ 20 ("The deprivation of hot water to elder person [sic] like Plaintiffs talks about a callous lack of feeling and respect for the elders carried out by Judge Salas to the point of bringing to this scenario questions related to morals.")).  The Court is unable to find allegations "definite

---

[5] Plaintiffs cannot use their *pro se* status to overcome the timeliness requirement.  Because they filed a proper motion for recusal against Judge Linares on June 22, 2011, (D.E. 21), their April 24, 2012 letter request to Chief Judge Simandle, (D.E. 55), is not evidence that Plaintiffs sought timely recusal but did not know how to file the necessary motion.

enough to convince a reasonable person that a disqualifying bias exists . . . ." *Rashid*, U.S. Dist. LEXIS 130937, at *9. Because the motion is neither timely nor sufficient, the Court denies Plaintiffs' motion to recuse pursuant to § 144.

### B.  28. U.S.C. § 455

The Court declines to recuse itself under either § 455(a) or § 455(b)(1). As with § 144, the failure of the affidavit to indicate any extrajudicial source of possible bias undermines this motion. The motion document itself, with a substantial background section, also fails to indicate any factual matter that might lead a reasonable person to conclude that this Court has either questionable impartiality or any bias or prejudgment on the matter.[6] (D.E. 67). Plaintiffs explain the factual circumstances surrounding an associated state court proceeding and a conflict with the Defendant over hot water. (*Id.*). Although Plaintiffs' factual assertions are entitled to the presumption of truth, these attempts to substantiate allegations of bias on the part of this Court are merely conclusory. Plaintiffs assert that the Court allowed the Defendant "to move furtively in his holy style . . . to the point of transforming the case . . . in a legal charade and in a [sic] disrespect to the whole Judiciary and the Plaintiffs . . . ." (*Id.* at 4-5). The factual basis for this claim appears only to be that the Court accepted the Defendant's Answer to the initial complaint, thus precluding default judgment. (*Id.* at 3). This factual assertion is neither extrajudicial nor sufficient to raise the specter of bias or impartiality. Accordingly, the Court denies Plaintiffs' motion for recusal pursuant to § 455.

---

[6] Unlike a motion pursuant to § 144, a motion under § 455 does not require an affidavit that states the circumstances of the alleged bias. Therefore, in considering the § 455 motion, the Court will consider moving papers complementary to the affidavit.

**V.     Conclusion**

For the foregoing reasons, the Court denies Plaintiffs' motion for recusal of the undersigned.  An accompanying Order will follow.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**
